UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA, LOCAL UNION NO. 91 A.F.L.-C.I.O.,
and DONATO A. BIANCO, STEVE HAMMOND,
HARLAN T. LOCKING, FRANK MIRABELLI,
DON SMITH, and ANGELO MASSARO, as Trustees
of LABORERS' LOCAL NO. 91 WELFARE FUND,
LABORERS' LOCAL NO. 91 PENSION FUND,
and LABORERS' LOCAL NO. 91 EDUCATION AND
TRAINING FUND,

                               Plaintiffs,      **ORDER GRANTING**
                                                **DEFAULT JUDGMENT**
                                                **TO PLAINTIFF**
            v.                                          04 -CV-417S(Sc)

EVANS CONTRACTING, INC.,

                               Defendant.

      Plaintiffs secured an Entry of Default on September 28, 2004, in this case under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq*. ("ERISA"), and now move for default judgment. Specifically, Plaintiffs request an Order compelling Defendant Evans Contracting, Inc. to cooperate in an audit of its payroll books and records for the period January 1, 2002, to the present, including but not limited to, Defendant's payroll and tax records, and ordering Defendant to pay the costs of the audit, as well as Plaintiffs' attorneys fees of $5,476.00 and disbursements of $437.80, and for such other and further relief as the Court deems just and proper.

      Plaintiffs are entitled to default judgment only if both procedural and substantive requirements are met. In this action, Plaintiffs have satisfied all such procedural requirements, as set forth in Rule 55(b) of the Federal Rules of Civil

1

Procedure and in Rule 55(b) of Local Rules of Civil Procedure for the Western District of New York.  Moreover, Eric T. Boron, Esq., Plaintiffs' attorney, has appeared before this Court on the return of the instant Motion for Default Judgment, and has argued in favor thereof.  Defendant, on the other hand, has neither answered the Complaint nor Plaintiffs' instant Motion for Default Judgment and has also failed to appear in this Court to show cause why Plaintiffs should not be granted default judgment as requested.  A Clerk's Entry of Default having been entered in this case, this Court accepts the uncontroverted factual allegations contained in Plaintiffs' Complaint as true.  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Based on the Complaint and Plaintiffs' Motion papers, this Court finds that Plaintiffs have also met the substantive prerequisites to obtaining a default judgment in this ERISA action.  Accordingly, default judgment will be entered against Defendant, consistent with the following decision.

Plaintiffs request that this Court order Defendant to cooperate in the conduct of an audit of its books and records for the period January 1, 2002, to the present.  Consistent with its authority under ERISA to order "such . . . legal or equitable relief as [it] deems appropriate," 20 U.S.C. §1132(g)(2)(E), this Court may enforce the terms of a Collective Bargaining Agreement ("CBA").  In the instant case, the CBA provides that:

> The Union and/or Trustees of the Welfare Fund, Pension Fund and Educational & Training Fund or any authorized agent if the Trustees, shall have the right after seventy-two (72) hours notice to examine and copy, the payroll records, payroll books, payroll papers, and payroll reports, W-2 form, W-4 form, SS Quarterly Report Form 941 and such other reports required by the Federal and State Governments regarding payrolls of the Employer

> as may be necessary to determine the hours of work done and the place where the work was done by the employees covered by the Labor Agreement and to permit the Trustees and/or Union to determine whether said Employer is making full payment to the above named Funds in the amount required by the Collective Bargaining Agreement.

CBA, Art. IV, § 3(b), p. 17 of the CBA (attached as Exhibit A to Locking Affidavit). This constitutes clear evidence that Defendant agreed to submit to an audit of its payroll records by Plaintiffs, given proper notice.  However, the CBA also provides it shall remain in full force and effect until March 31, 2003, unless renegotiated or "mutually extended in writing by the parties hereto."  CBA, Art. XIV, §§ 2(a) & (d), pp. 65-66.  Absent any evidence that the CBA was renegotiated or extended in writing by both parties, Plaintiff is entitled to an audit of Defendant's payroll books and records concerning the period of January 1, 2002, through March 31, 2003, the effective termination date of the CBA.

Having determined that Plaintiffs are entitled to default judgment, this Court must determine what amount of money damages are to be assessed.  Pursuant to 29 U.S.C. §1132(g)(2), in any action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. §1145, in which a judgment in favor of the plan is awarded, the court shall award reasonable attorney's fees and costs of the action, to be paid by the defendant, and such other legal or equitable relief as the court deems appropriate.  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

This Court finds that an award of $5,476.00 for attorneys' fees is appropriate, such figure representing 40.8 hours of legal services rendered in bringing this action. Having substantiated the reasonable concomitant costs of $437.80, this Court also finds that Plaintiffs are entitled to a total $5,913.80 in fees and costs. Accordingly,

IT IS HEREBY ORDERED that judgment shall be entered in favor of Plaintiffs against Defendant.

FURTHER, that Defendant shall permit and cooperate in the conduct by Plaintiffs or their representatives of an audit of Defendant's payroll books and records for the period of January 1, 2002, through March 31, 2003, including but not limited to, Defendant's payroll and tax records.

FURTHER, that Defendant pay the costs of the audit.

FURTHER, that Defendant shall pay Plaintiffs' attorneys fees and disbursements of this action in the amount of $5,913.80.

FURTHER, that this case shall thereafter be closed, unless the audit reveals amounts owing, and in that event, Plaintiffs shall return to this Court and apply for an amended order.


Dated:      Buffalo, New York
            August 10, 2005

                                        /s/William M. Skretny
                                        HON. WILLIAM M. SKRETNY
                                        United States District Judge